Duncan, J.
delivered the opinion of the court. The-only question raised by the record is, whether the fact, that the prisoner was an alien and ignorant of the language of the court, gives him a right to a trial by a jury de medietate linguce? This court, during the present term, in Richard’s Case, has decided, that the Statute providing that juries de medietate linguce may be directed by the courts respectively, is not imperative, but only confers a discretionary power on the courts, to direct such juries. Although the courts, in all cases where a person accused requires a jury de medietate linguce, should exercise a sound discretion, in directing or refusing the jury, this court, without intending to decide what particular state of facts would make it proper for a court to direct such a jury, is of opinion, that the mere circumstance of the prisoner not understanding the language of the court, is not a sufficient ground to require the impanneling of such a jury; and that there was no error in the refusal of the court, in this case, to direct a jury de medietate linguce.
Robertson, J.
Dor some of the reasons assigned in the opinion I have just given in the case of Richards, and which apply more strongly to the present case, I think the writ of error asked by the petitioner ought to be awarded. Here there is no room for pre *747 sumption or intendment. All the evidence before the court below is inserted in the record. It shews the petitioner is an alien, speaking a language different from our own, and so imperfectly acquainted with the English tongue, as makes it difficult for him in ordinary conversation to understand others, or make himself understood by them. That on his arraignment he pleaded not guilty, and obtained, a continuance. That at the ensuing term, on being again brought to the bar, he alleged that he was an alien, and moved the court to quash the venire facias, and to a jury de medietate to be summoned (in which particular the case resembles that of Lowther, to whom the Superior Court of Henrico granted such a jury). That the court overruled his application, and refused a privilege which the benignity of the law authorized at least, if it did not require, to be granted.
All remedial statutes, especially such as regulate-proceedings in criminal cases, ought to be expoundedfavourably, and so as to-serve the intent of the makers.. It would not surely have been error in the court in this case to award the process; and I find it difficult to understand how it is, that in a criminal case, upon the same state of facts, it may be either right or wrong, as the judge wills it, to grant a privilege authorized by law. If this privilege may be refused rightfully in all such cases as that before us, I know of none in which it may not be refused; and the decision, in my judgment, goes near to the entire abrogation of the statute, which authorizes the courts to grant it. The only doubt on my mind is whether the petitioner, in praying the writ, did not come too late. But as the venire facias was most probably issued according to the general practice, by the clerk after the continuance, and not by the court; and as all things, on the continuance, stood at the next term in the same plight as at the time of that continuance; more especially as. *748 some of the questions in this case are new and impor^an^ anq have not been argued before the court, I am in favour of awarding the writ of error.
Fry, Clopton and Christian, J. concurred in the •opinion of Robertson, J.
Writ oe error denieb.